Andreas Kressman, Executor, Appellee, v. Charles J. L. Kressman, Appellant.

## Gen. No. 18,397.

1. EVIDENCE—*testimony of defendant as to memorandum of transactions.* In an action by an executor to recover a balance claimed to be due on a note given by defendant to deceased, the testimony of defendant that a note book he had offered in evidence containing only a series of dates and amounts represented transactions with deceased is inadmissible.

2. EVIDENCE—*checks made payable to currency.* In an action by an executor on a note given by defendant to deceased, checks of the defendant, offered in evidence, made payable to currency and bearing no endorsements of deceased are properly refused and the testimony of defendant that they represented payments made to deceased is inadmissible.

Appeal from the Municipal Court of Chicago; the Hon. JOHN D. TURNBAUGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed May 9, 1913. Rehearing denied May 27, 1913.

JAMES N. TILTON, for appellant.

NATHANIEL A. STERN, MENZ I. ROSENBAUM and LOUIS M. CAHN, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This was a suit by an executor to recover a balance claimed to be due on a note given by defendant to the deceased. The defense was that it had been paid by defendant to the deceased in his life time. In support thereof defendant was permitted to offer in evidence an alleged memorandum book containing what he claimed were items of his account with deceased. It contained no accounts or transactions with anybody else, and none that purported therein to be transactions with deceased. It consisted merely of a series of dates and amounts in dollars, but nothing to indicate that they represented any particular transactions. To show that they did required parol evidence, and, therefore, of itself the memorandum had no probative value. Defendant took the witness stand and offered to testify that they represented transactions with deceased. No proof except the note having been offered on behalf of the executor, the court properly held that the statute renders such evidence incompetent. On the same ground the court properly refused to receive in evidence checks of the defendant, made payable to currency, bearing no endorsements of deceased, and also to permit defendant to testify that they represented payments made to deceased. The judgment will be affirmed.

*Affirmed.*